# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| **UNIFIRST CORPORATION,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **RYAN RAPSHUS,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff UniFirst Corporation ("UniFirst") complains as follows against Defendant Ryan Rapshus ("Rapshus").

### I.

#### INTRODUCTION

1.      By this action UniFirst seeks to compel Rapshus to comply with the parties' agreement to individually arbitrate employment disputes before JAMS, including Rapshus's putative nationwide class arbitration claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), pending before the American Arbitration Association ("AAA").  Rapshus filed a Demand for Arbitration on a class basis with the AAA, a true and correct copy of which is attached hereto as Exhibit 1.  He did so jointly with Christopher Carr ("Carr") who initiated a putative nationwide collective action in the United States District Court for the District of Massachusetts, 1:22-cv-11500 (a true and correct copy of the Complaint is attached as Exhibit 2) and then voluntarily dismissed it in reaction to UniFirst's anticipated motion to compel individual arbitration.  Because joint and class arbitration is expressly prohibited by the parties' Agreement, and is reserved to a court to decide, UniFirst brings this action to judicially enforce its right to *individual* arbitration before JAMS.

## II.

### PARTIES

2.      UniFirst is one of North America's largest workwear and textile service companies, selling and renting uniforms, protective clothing, and supplies.

3.      Rapshus is a natural person domiciled in Mount Pleasant, Wisconsin who from November 13, 2017 through August 29, 2021 worked for UniFirst in various positions including, part of the time, Route Services Representative servicing customers in Wisconsin, including selling and delivering uniforms and other goods originating within Pennsylvania as well as completing deliveries originating outside of Wisconsin.

## III.

### JURISDICTION & VENUE

4.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Rapshus's underlying action is under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  See *Vaden v. Discover Bank*, 556 U.S. 44, 50 (2009).

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Rapshus is domiciled in Wisconsin while UniFirst is incorporated and headquartered in Massachusetts. Rapshus individually seeks well into six figures for overtime wages he claims are due.  He seeks over 20 overtime hours in each of approximately 198 weeks at a rate ranging from $26.25 to 31.875, which is an indeterminate amount well over $100,000; (b) liquidated damages of double that amount; and (c) statutory attorneys' fees in an unspecified amount, which, in UniFirst's experience, will exceed the alleged wage damages.

6.       This Court has CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d).  The putative nationwide class includes thousands of current and former employees of various titles and

positions with aggregate alleged damages well in excess of $100 million. A member of the class, Rapshus for one example, is a citizen of a different state than UniFirst.

7.    Venue is proper under 28 U.S.C § 1391 because Rapshus resides in, and a substantial part of the events giving rise to the underlying FLSA claim took place in, this District.

## IV.
### FACTS

8.    On or about April 21, 2021, Rapshus signed the parties' Mutual Arbitration Agreement ("Agreement"), a true and correct copy of which is attached hereto as Exhibit 3. It provides for individual arbitration of claims relating to, among other things, his "employment," "unpaid wages," "overtime," and "any federal … statute." (Ex. 3, ¶ 1). It provides that the "arbitrator is prohibited from consolidating the claims of multiple persons into one proceeding," "shall hear only individual claims," and is "prohibited from fashioning a proceeding as a class, collective, representative, joint, or group action," and "may not award relief to a group of claimants or employees in one proceeding." (Ex. 3, ¶ 6). It further specifies that disputes about these limitations "shall be decided by a court … and not the arbitrator." *Id.* Furthermore, the individual arbitration is to be conducted by JAMS. (Ex. 3, ¶ 4).

9.    On or about January 10, 2023, Rapshus filed a demand for class arbitration with the AAA. (Ex. 1). He did so jointly with Carr who initiated a putative nationwide collective action in the United States District Court for the District of Massachusetts, 1:22-cv-11500 (see Ex. 2) and then voluntarily dismissed it in reaction to UniFirst's anticipated motion to compel individual arbitration. Because joint and class arbitration is expressly prohibited by the parties' Agreement, and is reserved to a court to decide, UniFirst brings this action to judicially enforce its right to *individual* arbitration.

3

10.     Moreover, UniFirst seeks to enforce its right to arbitrate before JAMS rather than the AAA.

## COUNT I
### BREACH OF CONTRACT

11.     UniFirst incorporates the allegations of paragraphs 1-10.

12.     There is a contract between the parties, a true and correct copy of which is attached hereto as Exhibit 3. Arbitration agreements, including class waivers, are valid and enforceable under federal and state law. See *Epic Systems v. Lewis*, 138 S.Ct. 1612, 1619 (2018); *Local 1226, Rhinelander City Employees, AFSCME, AFL-CIO v. City of Rhinelander*, 35 Wis.2d 209, *2 (Wis. S.Ct. 1967) (though excepted from Wisconsin statutory arbitration, agreements to arbitrate employment disputes are "specifically enforce[able]" under the "common law"); *Wisconsin Auto Title Loans v. Jones*, 290 Wis.2d 514, 555 (2006) (class arbitration waiver enforceable unless "one-sided, unfair" in requiring consumer to arbitrate but not company); *Coady v. Cross Country Bank*, 299 Wis.2d 451 (Wis. App. 2007) (class arbitration waiver enforceable unless effectively prevents "vindicating consumer rights" because the "damages involved are comparatively small"); *Cottonwood Fin. v. Estes*, 325 Wis.2d 749, 764 (Wis. App. 2010) (class arbitration waiver enforceable unless "runs afoul of WIS. STAT. § 421.106(1), which provides, '[A] customer may not waive or agree to forego rights or benefits under' the consumer act"), vacated and remanded, 337 Wis.2d 49 (Wis. S. Ct. 2011), on reconsideration, 339 Wis.2d 472 (Wis. App. 2012) (class arbitration waiver enforceable under Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*).

13.     Rapshus breached the Agreement by initiating a demand jointly with Carr.

14.     Rapshus breached the Agreement by initiating a demand for class arbitration.

15.     Rapshus breached the Agreement by initiating a demand for arbitration before the AAA.

4

16.     Rapshus's breach has damaged UniFirst by depriving it of the bargained right to individual arbitration of disputes between Rapshus and UniFirst.

WHEREFORE, UniFirst respectfully requests:

a.  Orders temporarily and preliminarily enjoining and staying the arbitration to the extent Rapshus purports to pursue claims against UniFirst:  (i) before the AAA; (ii) jointly with Carr; and (iii) on behalf of or for the benefit of anyone other than Rapshus himself;

b.  An order permanently enjoining all arbitration claims Rapshus purports to pursue in any forum against UniFirst:  (i) before the AAA; (ii) jointly with Carr; and (iii) on behalf of or for the benefit of anyone other than Rapshus himself;

c.  Judgment declaring that Rapshus's claims against UniFirst must be arbitrated: (i) before JAMS; and (ii) individually, and not jointly or as a class or on a representative basis on behalf of or for the benefit of anyone other than Rapshus himself;

d.  Judgment compelling Rapshus to individually arbitrate his claims before JAMS; and

e.  Any other or further appropriate relief.

January 25, 2023

Respectfully submitted,

UNIFIRST CORPORATION,


By:/s/ Bernard J. Bobber
        One of Its Attorneys

Bernard J. Bobber
*WI State Bar No. 1015499*
Kayla A. McCann
*WI State Bar No. 1106809*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
414-239-6400
bernard.bobber@ogletree.com
kayla.mccann@ogletree.com

Thomas A. Lidbury (IL 6211158)
Zachary A. Pestine (IL 6324485) *(admission pending)*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
312-558-1230
thomas.lidbury@ogletree.com
zac.pestine@ogletree.com

6