UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| UNIFIRST CORPORATION, | ) |
| | ) |
| | ) |
| Plaintiff, | )  Case No. 23-cv-97 |
| v. | ) |
| | ) |
| RYAN RAPSHUS, | ) |
| | ) |
| Defendant. | ) |

## JOINT MOTION TO
## APPROVE SETTLEMENT

The Parties, Plaintiff, UniFirst Corporation ("UniFirst"), and Defendant, Ryan Rapshus ("Rapshus"), jointly move to reopen this case approve the settlement reached by the Parties. In support of the motion, the Parties state as follows:

1. Unifirst brought this action to compel individual arbitration with respect to Rapshus' claims that he was misclassified as exempt from the overtime compensation requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and worked uncompensated overtime. Rapshus filed a demand before the American Arbitration Association (AAA) seeking class arbitration. UniFirst filed this action seeking to compel individual arbitration before the Judicial Arbitration and Mediation Services, Inc. ("JAMS"). Rapshus then withdrew his demand before the AAA and demanded individual arbitration before JAMS. Whereupon, UniFirst voluntarily dismissed the above captioned case. On February 1, 2023, this Court dismissed the case without prejudice. Dkt. 9.

2. UniFirst now moves to reopen the case for the limited purposes of obtaining approval of the Parties' settlement pursuant to the FLSA Federal Rule of Civil Procedure 60(b), which provides that "[o]n motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding" for "any…reason that justifies relief." Fed. R. Civ. Pr. 60(b)(6). The Parties' joint motion to reopen falls under this catch-all provision. Federal courts routinely grant motions to reopen to approve settlement agreements arising under the FLSA. *See Dash v. Maeweathers Transp., Inc*., 2008 WL 3929345 (M.D. Fl. Aug. 21, 2008); *Dominguez v. More Than Insurance, Inc*., 2022 WL 2337313 (M.D. Fl. Jan. 21, 2022); *Toler v. AT&T Mobility Services, LLC*, 2022 WL 1231698 (N.D. Georgia Jan. 20, 2022).

3. To avoid the expense, distraction, uncertainty and delay of litigation, the Parties have entered into the Settlement Agreement attached hereto as Exhibits A (the "Settlement"). The Settlement is conditional on the approval of the Court, because approval may be required by law. *See, Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts therefore have refused to enforce wholly private [FLSA] settlement.").

4. There is a bona fide dispute and the Settlement is fair. Rapshus is represented by highly experienced and capable attorneys who specialize in wage and hour claims. Throughout the three years of the applicable statute of limitations, Rapshus was employed by UniFirst as an Outside Sales Representative at the hourly rate of $20 (for 5 weeks) and then $21.25. There is a bona fide dispute whether Rapshus was exempt under the outside sales exemption (29 USC § 213(a)(1); 29 CFR 541.500-504(a)) and whether he worked overtime and, if so, how much. Despite the bona fide dispute, the Settlement pays Rapshus $3,195.52. This is equivalent to approximately 100 hours of overtime. The Settlement also pays Rapshus' attorneys' fees, $2,818.62.

WHEREFORE, the Parties request that the Court approve the Settlement and dismiss the case with prejudice.

May 8, 2023                              Respectfully submitted,

                                         UNIFIRST CORPORATION,


                                         By: /s/ Kayla A. McCann
                                            One of its attorneys
                                         Kayla A. McCann (Bar No. 110689)
                                         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                         Pabst Boiler House
                                         1243 North 10th Street, Suite 200
                                         Milwaukee, WI 53205
                                         414.239.6402
                                         kayla.mccann@ogletree.com


                                         JESSICA SALAS and RYAN RAPSHUS,


                                         By /s/ Carl A. Fitz
                                                One of their attorneys

                                         Carl A. Fitz
                                         JOSEPHSON DUNLAP
                                         11 Greenway Plaza, Suite 3050
                                         Houston, TX 77046

                                         cfitz@mybackwages.com
                                         713-352-1100

3

# CERTIFICATE OF SERVICE

I certify that on May 8, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

/s/ *Kayla A. McCann*