# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNIFIRST CORPORATION,

                    Plaintiff,

v.

RYAN RAPSHUS,

                    Defendant.

Case No. 23-CV-97-JPS

**ORDER**

        On January 25, 2023, Plaintiff filed a complaint and motion for a preliminary and permanent injunction in this matter. ECF Nos. 1, 2. Plaintiff sought to compel individual arbitration with respect to Defendant's claims under the Fair Labor Standards Act ("FLSA"). ECF No. 1. Plaintiff later voluntarily dismissed the case without prejudice, and the Court adopted the voluntary dismissal. ECF Nos. 8, 9.

        Currently before the Court is the parties' joint motion for approval of their settlement agreement of Defendant's FLSA claims, and to reopen this case for that purpose. ECF No. 10. The parties contend that the granting of such motion is justified because their agreement "is conditional on the approval of the Court" and "because approval may be required by law." *Id.* at 2 (citing *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986)).

        The Court will deny the motion without prejudice. While the Court is cognizant that the parties themselves negotiated for a judicial-approval clause in their agreement, ECF No. 10-2 at 8, they have not persuasively argued that such a clause was justified under existing circuit case law. Indeed, although district courts in the Seventh Circuit routinely require approval of FLSA settlements, the Seventh Circuit has never explicitly held

that court approval of individual[1] FLSA settlement agreements is required. *See Hoaglan v. Grede Holdings LLC*, No. 20-CV-425-PP, 2022 WL 2703854, at *2 (E.D. Wis. July 12, 2022) (collecting cases).

The Court will not, in this case, self-impose or adopt such a requirement where the FLSA does not explicitly require it. *Cf. Alcantara v. Duran Landscaping, Inc.*, No. 2:21-CV-03947-JDW, 2022 WL 2703610, at *2 (E.D. Pa. July 12, 2022) (noting that neither 29 U.S.C. § 216(b)–(c) "nor any other part of the FLSA requires a court to approve a settlement between an individual plaintiff and an employer"). The parties may, however, refile the motion for settlement approval at any time; any renewed motion should address why, in the absence of a statutory command or requirement arising from binding case law, the Court's approval of the parties' agreement is necessary.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for settlement approval, ECF No. 10, be and the same hereby is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[1] Although the complaint references Plaintiff's putative class and collective demands, ECF No. 1 at 1, the settlement agreement is only between Plaintiff and Defendant. ECF No. 10-2 at 2. The Court therefore characterizes it as an individual FLSA settlement.